Motion Date: <u>February 11, 2010</u>
Time: <u>10 A. M.</u>
Honorable <u>Martin Glenn</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

In Re:

     SAUNDRA PLUMERI,

Debtor

------------------------------------------------------X

Chapter – 13

Case No. 10-10050 (MG)

**NOTICE OF MOTION FOR AN ORDER TO
VACATE THE AUTOMATIC STAY, TO
DISMISS THE PROCEEDING AND FOR
SANCTIONS**

       PLEASE TAKE NOTICE, that upon the annexed application of 64th STREET-3RD

AVENUE ASSOCIATES, LLC, dated the 7TH day of January, 2010, the undersigned will move

before the Honorable Martin Glenn, United States Bankruptcy Judge, at Courtroom <u>501,</u> located

at the United States Bankruptcy Court, One Bowling Green, New York, New York, on the 11th

day of February 2010, at 10:00 A.M. o'clock in the afternoon of that day, or as soon thereafter

as counsel may be heard, for an Order as follows:

           1.     Pursuant to 11 U.S.C. Section 362, vacating,
                   terminating and annulling the automatic stay for cause,
                   thereby permitting landlord to recover possession of the subject
                   rental apartment;

           2.     Pursuant to 11 U.S.C. Section 362(e), consolidating the

preliminary and final hearing;

3.      Pursuant to 11 U.S.C. Section 363(e), directing debtor and/or the trustee to pay immediately to landlord all post-petition use and occupancy charges which have accrued since January 6, 2010, and to pay landlord use and occupancy on a monthly basis on the first day of each month, pending a final determination of the relief requested herein;

4.      Dismissing the proceeding pursuant to Section 1307 of the Bankruptcy Code due to the Debtor's filing of the instant proceeding in bad faith so as to cause a delay that is prejudicial to the Landlord;

5.      Issuing sanctions against the Debtor, Debtor's counsels **Richard D Lamborn** and **Jay Stuart Dankberg** for their filing of the instant proceeding in bad faith and their material misrepresentation regarding the creditors in this proceedings chapter 13 petition;

6.      Awarding landlord its reasonable attorneys' fees together with the costs and disbursements for this motion; and

7.      Granting landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

PLEASE TAKE FURTHER NOTICE, that answering papers, if any, must be served upon the undersigned at least three (3) business days prior to the return date of this motion and must be filed with the Bankruptcy Court at least one (1) business day prior to such return date.

Dated: New York, New York
January 7, 2010

Yours, etc.,

SPERBER, DENEBERG & KAHAN, P.C.
Attorneys for Movant/Landlord

By:_____
     JAMES C. MANTIA, ESQ
     JCM-9482
     48 West 37th Street
     16th Floor
     New York, New York 10018
     (917) 351-1335

TO:  Richard D. Lamborn, P.C.
     Attorney for the Debtor
     327 East 149th Street, 2nd Floor
     New York, New York 10022

     Jay Stuart Dankberg, Esq.
     1220 Broadway, #502
     New York, New York 10001

OFFICE OF THE UNITED STATES TRUSTEE
Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York  10004-2112
(212) 510-0500

COURTESY COPY MAILED TO:
Hon. Martin Glenn c/o
Tracey Mercado
Chapter 13 Specialist
One Bowling Green
New York, New York 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In Re:

      SAUNDRA PLUMERI,

           Debtor.

-------------------------------------------------------X

Chapter - 13

Case No. 10-10050 (MG)

**APPLICATION IN SUPPORT
OF LANDLORD'S MOTION
TO VACATE STAY** _____

PLEASE TAKE NOTICE, that upon the annexed application, 64TH STREET-THIRD AVENUE ASSOCIATES, LLC, landlord (the "Landlord") of real property known as and by 200 East 64th Street, New York, New York 10065 (the "building"), respectfully alleges, by its attorneys, SPERBER, DENEBERG, AND KAHAN, P.C. as follows:

BACKGROUND FACTS

1.     Debtor is the tenant of apartment 9-C of the building (hereafter "subject premises"), a Rent Stabilized Apartment, pursuant to an original lease (the "Lease") between Landlord and Debtor for a term which commenced on October 1, 1988 and ended on September 30, 1990.  A copy of the lease is annexed hereto as Exhibit "A".

2.     The Debtor's lease was subsequently renewed by operation of law and the last renewal lease that was given to the Debtor commenced on May 1, 2008 and expired on April 30, 2009.  A copy of the most recent renewal lease is annexed hereto as Exhibit "B".

3.     The Debtor continues to reside in the subject premises not withstanding the expiration of the above leases due to the fact that she is a statutory tenant.

4.     The Landlord has had a protracted history of litigation with the Debtor and her husband due to the Debtor's repeated and unjustified failure to pay rent.

5.     The Landlord has commenced non-payment proceedings in the Civil Court of the City of New York, New York including but not limited proceedings under index numbers 63333/97, 82228/97, 94088/97, 84674/98, 52822/99, 80320/99; 77356/03, and 61107/03.

6.     The above mentioned proceedings were protracted litigations which ultimately terminated after many months had passed by the Debtor paying the outstanding arrears sued for.

7.     The Landlord also commenced a holdover proceeding against the Debtor, at the conclusion of the aforementioned non-payment proceedings, in the Civil Court of the City of New York, County of New York under Index 51532/04 based upon the Debtor's breach of a substantial obligation of her tenancy for her chronic late and non-payment of rent.

8.      After resolution of the holdover the Landlord was forced to once again commence a non-payment proceeding against the Debtor under Index number 85327/07.

9.      The Landlord under index number 85327/07 made a motion for summary judgment returnable on October 1, 2007 seeking a judgment for all outstanding arrears sought in the Landlord's Petition.

10.     After argument of the Landlord's motion, the court awarded summary judgment to the landlord and entered a judgment in the amount of $19,250.00 through October 2007.  A copy of the court's decision is annexed hereto as Exhibit "C".

11.     The debtor thereafter moved to vacate the judgment and the Landlord cross-moved for its attorney's fees on the case.  After hearing argument of the motions, the court denied the Debtor's motion and granted the Landlord's motion to the extent of setting the matter down for an attorney's fees hearing.  A copy of the court's decision is annexed hereto as Exhibit "D"

12.     Thereafter a hearing was conducted on March 20, 2008 and April 14, 2008 to determine the legal fees entitled to the Landlord.   The court granted the landlord an additional money judgment in the amount of $7,314.00 for its legal fees associated with the action.  A copy of the court's decision is annexed hereto as Exhibit "E".

13.     Immediately after satisfying the judgment through October 2007 under index number 85327/07, the Debtor once again stopped paying her rent as of November 2007.

14.     The Landlord commenced yet another non-payment proceeding against the Debtor and her husband under index number 52746/08.  A copy of the Landlord's Notice of Petition and Petition is annexed hereto as Exhibit "F"

15.     The Debtor appeared by counsel in the action under index number 52746/08 and interposed an answer.  A copy of Debtor's answer is annexed hereto as Exhibit "G".

16.     The court should note that the Debtor's answer is nearly identical to the answers submitted in prior proceedings and a subsequent non-payment proceeding commenced under index number 50025/09. Copies of the answers in these proceedings are annexed hereto as Exhibit "H".

17.     The Landlord in the action under index number 52746/08 again moved for summary judgment on its claims for rent against the Debtor.

18.     The court after reviewing the Landlord's motion, granted the motion to the extent of striking a majority of the Debtor's defenses and objections to points of law and set the proceeding down for trial on April 29, 2008. A copy of the court's decision is annexed hereto as Exhibit "I".

19.     On the day preceding the scheduled trial, the Debtor filed a Chapter 7 bankruptcy petition under case number 08-11546-JMP in the United States Bankruptcy Court, Southern District of New York. A copy of the Debtor's Chapter 7 petition is annexed hereto as Exhibit "J"

20.    The Landlord discontinued the non-payment proceeding as to the Debtor only under index number 53746/08 but proceeded as to Debtor's husband who did not seek protection from this court.

21.    The trial was conducted, a judgment was entered in favor of the landlord as to Debtor's husband, and thereafter the City Marshal performed a legal eviction of Debtor's husband, divesting him of any tenancy rights for the subject premises.

22.    While the non-payment under index number 53746/08 was being prosecuted, the Landlord in the context of Debtor's Chapter 7 proceeding made a motion returnable on July 15, 2008 seeking relief from the automatic stay based on the Debtor's lack of adequate protection of the Landlord's interests.

23.    The court after several hearing dates and telephone conferences, ultimately issued an order with respect to the landlord's motion on October 30, 2008. A copy of the court's order is annexed hereto as Exhibit "K"

24.    While the Landlord's motion was pending before the court, the court issued a discharge to the Debtor, which was factored into the court's consideration. A copy of the notice of discharge dated August 22, 2008 is annexed hereto as Exhibit "L"

25.    The court in its October 30, 2008 order determined that the Debtor had not adequately protected the Landlord's interest and that the automatic stay on the Chapter 7 case would be lifted either upon submission of a stipulation or the ratification of the facts showing Debtor's failure to pay post-petition rent at an evidentiary hearing on November 11, 2008.

26.    The court conducted an evidentiary hearing on November 11, 2008 in which the Landlord presented its witnesses to confirm the facts from the October 30, 2008 order and the Debtor and Debtor's attorney failed to appear.

27.    At the conclusion of the hearing, the court issued an order dated December 2, 2008 vacating the automatic stay as to the Landlord.   A copy of the court's order is annexed hereto as Exhibit "M"

28.    The Landlord thereafter re-commenced a non-payment proceeding under index number 50025/09 against the Debtor for her continuing failure to pay rent.   A copy of the Notice of Petition and Petition are annexed hereto as Exhibit "N"

29.    It appears that the Debtor in an effort to further the delay the Landlord's efforts to collect the rent wrote a letter to Judge Peck who presided over the Chapter 7 case in the hopes that he could forestall the Landlord's new rent demand. Copies of the correspondence between Judge Peck and the Debtor are annexed hereto as Exhibit "O"

30.    The Debtor appears to have also filed a notice of appeal as a way of forestalling the Landlord's effort's to collect to the outstanding rent, but this too was dismissed by the United States

District Court, Southern District of New York. According to the electronic filing system of this court, the Debtor's Chapter 7 case terminated on June 3, 2009. Copies of the Notice of Appeal and the Court's dismissal is annexed hereto as Exhibit "P"

31. Upon information and belief no action had been taken by the Debtor to perfect the appeal.

32. The Landlord in the non-payment under index number 50025/09, moved for summary judgment and to strike the Debtor's defenses based on the answer that was served by Debtor's counsel. (Exhibit "G").

33. The court took the papers on submission after the Debtor's counsel failed to appear on March 23, 2009 hearing date for oral argument.

34. The court upon review of the papers granted the motion in part and set the matter down for a traverse hearing and trial on April 20, 2009.  A copy of the court's decision is annexed hereto as Exhibit "Q"

35. The case was adjourned from April 20, 2009 to May 13, 2009 when the court and the Landlord's counsel received an affirmation of actual engagement submitted by Debtor's attorney.

36. On the May 13, 2009, the Landlord was ready to proceed for traverse and trial. However, because allegedly the Debtor's husband was taken to the hospital from the court house, the court adjourned the proceeding to June 8, 2009. It is Ironic that Debtor did not appear for the hearing only Debtor's husband appeared who had already been evicted from the subject premises.

37. On the eve of trial, the Debtor filed her second bankruptcy petition seeking Chapter 13 protection on June 5, 2009 after already receiving a discharge under Chapter 7.  A copy of the Debtor's prior Chapter 13 Petition is annexed hereto as Exhibit "R"

38. The pending non-payment proceeding was marked off calendar so that the Landlord could make the appropriate application to the bankruptcy court to lift the stay as well as to seek any appropriate additional relief.

39. The Landlord then made a similar application as is that in the foregoing motion; to vacate the automatic stay, to dismiss the bankruptcy proceeding and to award sanctions, costs, and attorney's fees against the Debtor and Debtor's counsel for its bad faith filing of the Chapter 13 petition which was returnable on July 10, 2009.

40. After a hearing was conducted on July 10, 2009, the court entered an order which granted the Debtor's motion in part and denied the motion in part. A copy of the court's order is annexed hereto as Exhibit "S".

41. The court, although giving the benefit of the doubt to the Debtor to some extent, made the following ruling (Exhibit "S"):

"While a very close question, the current record does not establish that the Debtor filed this chapter 13 case in bad faith. Courts generally apply a totality of the circumstances test in determining whether a chapter 13 case was filed in good faith. See In re Lilley, 91 F.3d 491, 496 (3rd Cir. 1996).    Without a time-consuming evidentiary hearing, it is not possible for the Court to conclude at this time that good faith was lacking when this case was filed only two days after her prior chapter 7 case was closed. But the record clearly establishes, and the Court expressly finds, that the Landlord lacks adequate protection pursuant to 11 USC 362 (d)(1).    The Debtor's has succeeded at keeping her landlord at bay too long without paying rent.  If Debtor has some other legitimate purpose for maintaining this chapter 13 case, the Court will permit her to do so.  As an unsecured creditor, the Landlord will have to file a claim for rental arrears and share in any recovery to unsecured creditors if the Debtor is able to confirm a chapter 13 plan. The Court also concludes on the current record that there is an insufficient basis at this time to award attorney's fees or sanctions."

42.    Accordingly, the court granted the Landlord's motion to vacate the automatic stay based on Debtor's failure to provide adequate protection to the Landlord but declined to award sanctions and attorney's fees as the court felt that there were still questions as to whether the Debtor's filing was done in bad faith.

43.    After the July 10, 2009 order from this court, it appears that despite the court's challenge to the Debtor to maintain the prior Chapter 13 proceeding for some other legitimate purpose, the Debtor did not do so.

44.    In fact the only action taken by the Debtor subsequent to the July 10, 2009 order was for the Debtor to make an application to the court on October 15, 2009 to dismiss the proceeding at the confirmation hearing. A copy of the court's order of October 15, 2009 is annexed hereto as Exhibit "T".

45.    After the Landlord received the July 10, 2009 order from the court to vacate the bankruptcy stay, the Landlord made an application to restore the non-payment proceeding and again asked the housing court to award summary judgment.

46.    On the return date of the motion of July 31, 2009, the Debtor by her counsel Jay Stuart Dankberg, failed to appear on the landlord's motion. The Debtor further failed to submit any opposition to the motion. The court took the Landlord's motion on submission.

47.    On September 18, 2009, the court in the non-payment proceeding entered an order which denied the landlord's motion and set the non-payment down again for traverse and trial on September 29, 2009. A copy of the September 18, 2009 order is annexed hereto as Exhibit "U".

48.    On September 29, 2009 court date the Debtor and her counsel once again failed to appear for the scheduled trial. Accordingly, the housing court entered a default judgment against the Debtor and eventually issued a warrant of eviction on December 10, 2009.

49.   The Landlord thereafter served a marshal's notice upon the Debtor based on this default judgment and her apparent default.

50.   The Debtor's counsel in the non-payment proceeding, Jay Stuart Dankberg, made an application to the court seeking to vacate the default judgment and to stay the eviction  Mr. Dankberg represented to the court that there was already in existence a stay from the prior Chapter 13 proceeding.

51.   After oral argument of the motion on December 22, 2009, Hon. Michelle Schreiber, issued an order which denied Mr. Dankberg's application to vacate the default base upon his failure to take any reasonable action since the Landlord's summary judgment motion nor to present any reasonable excuse or meritorious defense to the default judgment.  The court's decision noted that the stay from the prior Chapter 13 proceeding had already been vacated by this court.  A copy of the December 22, 2009 order is annexed hereto as Exhibit "V".

52.   Accordingly, the Landlord rescheduled the eviction for January 7, 2010.

53.   Upon information and belief, on or about January 5, 2010 the Debtor attempted by order to show cause to seek a further stay from the Housing Court for the Debtor's eviction.  However, the housing court judge declined to sign the order to show cause presented by Mr. Dankberg.

54.   Once again on the eve of being evicted, the Debtor has filed the instant petition in bankruptcy court seeking Chapter 13 protection in her third bankruptcy Petition in a year and a half.  A copy of the present Chapter 13 petition is annexed hereto as Exhibit "W"

55.   This third bankruptcy filed by the Debtor since May 2008 and second Chapter 13 proceeding which was clearly filed in bad faith has occured within six months of the dismissal of the prior Chapter 13 petition.

56.   It should also be noted that the only creditors listed for this Chapter 13 proceeding are the Landlord, and the Internal Revenue Service.

57.   It should be further noted that the Landlord who is listed as creditor, is listed as care of Jay Dankberg, 1220 Broadway, #502, New York, New York 10001, who strangely is the Debtor's attorney in the housing court proceeding.

58.   Clearly, this is a material misrepresentation by the Debtor and Debtor's counsel to the court regarding the true identity of the Landlord and was done not as some minor oversight, but as calculated deception to the court.

59.   Given the myriad of cases filed both in housing court and in the bankruptcy court, and the Debtor's length history of frivolous and unethical conduct in these proceedings, the Landlord has renewed its prior application from the last Chapter 13 proceeding here to the court.

## THE AUTOMATIC STAY SHOULD BE VACATED

a.    **The Debtor has failed to adequately protect the landlord's interests**

60.    Landlord is being severely prejudiced by its inability to collect its rent and/or use and occupancy charges and/or recover possession of the Debtor's apartment.

61.    The Debtor has taken every avenue to attempt to delay the Landlord's collection of rent for the subject premises, has forced the Landlord to expend exorbitant sums towards legal fees to thwart the Debtor's dilatory tactics and for the Landlord to recover possession of this apartment.

62.    The Debtor has since November 2007 essentially lived rent free in this luxury upper east side apartment which also has a below market rent due to the fact it is rent stabilized.

63.    Judge Peck in the Debtor's Chapter 7 proceeding by both the October 30, 2008 order (Exhibit "K") and the December 2, 2008 order (Exhibit "M") found that the Debtor has failed to adequately protect the Landlord's interest.

64.    Judge Glenn in the Debtor's prior Chapter 13 proceeding also held that the Debtor has failed to adequately protect the Landlord's interest.  (Exhibit "S")

65.    Furthermore, as stated in the annexed affidavit of the Landlord, the Debtor notwithstanding the exorbitant sums due, has not even tendered current post-petition rent.

66.    Title 11 of the United States Code §362(d) provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided . . .
>
> 1.    for cause, including the lack of adequate protection of an interest in property of such party interest;
>
> 2.    with respect to a stay of an act against property under subsection (a) of this section, if:
>
> (A)    the debtor does not have equity in such property; and
>
> (B)    such property is not necessary to an effective reorganization. (Emphasis added).

67.    The Landlord is entitled to relief from the automatic stay pursuant to Section 362(d)(1) of the U.S. Bankruptcy Code in that Debtor cannot show that the Landlord's interest in the property is adequately protected.

68.    The Bankruptcy Court of the Southern District has stated, "[W]here the plaintiff seeks to lift the automatic stay pursuant to 11 U.S.C. 362(d)(1) for cause including the lack of adequate protection of the plaintiff's interest in the collateral in question, the debtor must prove facts sufficient to

deny the plaintiff's request for relief." In Re: Domestic Fuel Corp., 70 B.R. 455, 463 (Bankr. S.D.N.Y. 1987); See, 11 U.S.C. Section 362(g).

69.    It is respectfully submitted that based on the long history of the Landlord's litigation with the Debtor, the Debtor's persistent chronic non-payment of rent since 1997, the fact that the Debtor has not paid any rent to the landlord since October 2007, the Debtor's failure to thus far make regular monthly payments to Landlord, the significant amount of rental arrears due, the lack of Debtor's ability to pay same or show any change of financial circumstances since the Debtor's prior bankruptcy filings, the Landlord is not being adequately protected as required by 11 U.S.C. 362(d)(1), and is entitled to relief from the automatic stay for cause.

b.    **The Subject Premises is not Property Necessary to Effect a Reorganization of the Debtor**

70.    Section 362(g) of the Bankruptcy Code expressly provides that it is the debtor's burden of proof to demonstrate that the property at issue is necessary to an effective reorganization. United Savings Association of Texas v. Timbers of Inwood Forest Associates,Ltd., 484 U.S. 365, 375 (1988); See, 11 USC Section 362(d)(b).

71.    Debtor has not shown any ownership interest, reversionary interest or otherwise, in the subject property. Debtor is currently renting the premises from the Landlord and as such can not sell or transfer the property for consideration.

72.    Furthermore, the Debtor's lease has expired and as such there is no asset per se that becomes part of the Debtor's estate.   Accordingly to 11 USC 365 only "unexpired residential leases" become the property of the estate.

73.    Based on the foregoing, relief from the automatic stay is warranted to allow the Landlord to recover the premises since the property is not necessary to an effective reorganization.

c.    **Based on bankruptcy law there is no automatic stay of the non-payment proceeding by the filing of this proceeding.**

74.    Pursuant to 11 USC 362 (c) 22 there is no automatic stay upon the filing of the Bankruptcy petition of this chapter with respect to:

> **subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;**

75.    Pursuant to 11 USC 362 (l)(1)-

> **Except as otherwise provided in this subsection, subsection (b) (22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and**

**serves upon the lessor a certification under penalty of perjury that—**

**(A) under non-bankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and**

**(B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.**

76.    As previously stated based on the Debtor's failure to appear on September 29, 2009, in housing court a default judgment was entered against the debtor.

77.    When the foregoing petition was filed with this court (Exhibit "W"), the Debtor did not check off the certification in the Petition which indicates that there that the Landlord had a judgment of possession against the Debtor.

78.    Upon information and belief, the Debtor has not deposited post-petition rent with this court as required by 11 USC 362 (l)(1) and there has been no representation by the Debtor that she can cure the default with the underlying judgment in housing court.

79.    Accordingly, by the terms of the statute, the Debtor's filing of this petition has not triggered the automatic stay with respect to the non-payment proceeding.

## THE PROCEEDING SHOULD BE DISMISSED AND SANCTIONS ISSUED DUE TO DEBTOR'S BAD FAITH FILING OF THE FOREGOING PROCEEDING

80.    The record clearly supports the fact that the Debtor has commenced this action in bad faith.

81.    Although the court may have a reluctance in granting the foregoing relief with respect to the prior Chapter 13 petition filed, the record give the occurrences since the July 10, 2009 order should make it abundantly clear the Debtor has abused the bankruptcy system and has manipulated the courts solely for the purposes of seeking to delay her inevitable eviction.

82.    Even more outlandish is the fact such conduct has been spearhead by counsel rather than a Debtor acting pro se.  In fact, the actions of her housing court attorney, Jay Stuart Dankberg, who has been very much the orchestrator of this manipulation should be held accountable for there willful and purposeful abuse of process.  Upon information and belief, Mr. Dankberg, has been sanctioned previously for such conduct which is all the more deplorable here since Mr. Dankberg had been a former judge of both the Housing Court and the Civil Court of the City of New York.

83.    Debtor's present counsel should be held equally accountable for this knowingly and purposeful abuse of the system despite his short lived involvement because an attorney has an ethical

obligation to investigate the circumstances surrounding his representation and be held accountable for actions notwithstanding his lack of knowledge.

84.    This is the third bankruptcy action that was commenced by the Debtor solely for the purposes of delaying the Landlord's efforts to collect the rental arrears from the Debtor and to avert the Landlord from recovering possession of the subject premises.

85.    11 U.S.C. 362 (c)(4)(D)(II) gives the landlord a presumption that the within proceeding was not filed in good faith, where as here, the Debtor failed to provide adequate protection as ordered by the court.

86.    Further 11 U.S.C. 362 (c)(4)(D)(III) also provides a presumption that the proceeding was not filed in good faith, because there is no showing that the Debtor has had a substantial change in financial or personal affairs which would indicate that this case will be concluded with a confirmed plan under Chapter 13  and that the plan will be fully performed by the Debtor

87.    When the court examines the overall history of the proceedings with the Debtor in this court and other forums, the Debtors filing this proceeding to get the automatic stay is part of a scheme to delay, hinder, and defraud the Landlord's attempts to recover possession of the subject premises. See 11 U.S.C. 362(d)(4)(B)

88.    The Bankruptcy Code § 1307 gives the court wide latitude to dismiss a proceeding filed by a Debtor in this court.

89.    Bankruptcy Code § 1307 (c)(1) provides that a bankruptcy proceeding may be dismissed for cause where the unreasonable delay by the Debtor is prejudicial to a creditor.

90.    The only reasonable conclusion that can be drawn from the Debtor's filing of the petition in this proceeding is that she is hopes that she can continue to delay the inevitable recovery of possession of the subject premises by the Landlord.  Debtor has no  intention of paying off the debt to the Landlord nor the ability to do so.

91.    As the court stated in Lippman v. 340 East 93rd St. Corp., not Reported in F.Supp.2d, 1999 WL 97903 (S.D.N.Y.) citing In re Felberman, 196 B.R. 678, 681 (S.D.N.Y.1995):

> the courts in this and other Circuits have fashioned a variety of forms of relief ... in order to protect creditors from misuses of the **bankruptcy** laws by debtors acting in bad faith to interminably prolong their occupation of premises for which they cannot or will not pay and frustrate creditors in the exercise of their contractual and statutory rights.

92.    The District Court upheld the bankruptcy judge's dismissal of Debtor's petition in Lippman, supra. based on the prior filings of bankruptcy by the Debtor, the Debtor's inability to pay ongoing maintenance, and due to the fact that Debtor's petition was filed solely for the purpose of delaying the Landlord's attempts to recover his apartment.

93. The court here is presented with nearly identical facts as the court in <u>Lippman</u>, <u>supra.</u> and the Landlord contends that the court should dismiss the Debtor's petition for the same rationale.

94. Furthermore, the fact that the Debtor here commenced the Chapter 13 proceeding within six months of a dismissal of the prior Chapter 13 proceeding at Debtor's request, the consecutive nature between debtors chapter 7 and her two subsequent Chapter 13 filings is improper and merits sanctions against the Debtor and Debtor's counsel.

95. The above situation is discussed at length in <u>In re Cathy Barnes</u>, 231 B.R. 382 (E.D.N.Y. 482).

96. The court in <u>Barnes</u>, <u>supra.</u>, as here, was faced with a Debtor who received a discharge under a prior Chapter 7 proceeding and thereafter filed a subsequent Chapter 13 proceeding so as to "protect the debtor's assets".

97. The Eastern District upheld the bankruptcy court's decision to not only dismiss the Chapter 13 proceeding but also to award sanctions against the Debtor and Debtor's counsel.

98. The court in <u>Barnes</u>, <u>supra.</u> based its decision on the holding of the United States Bankruptcy Appellate Panel for the Second Circuit's decision in <u>In re Turner 207 B.R. 373</u> (2nd Cir. BAP 1997).

99. The court in <u>Turner</u>, <u>supra.</u> held that

> While the majority view may be viewed as an absolutist position, the minority view does run the risk of making available "an easy avenue for abuse of the bankruptcy system" that would allow debtors to file multiple cases if they do not achieve their intended goal in the particular case.
>
> * * *
>
> The existence of multiple cases may indicate an exploitation of the bankruptcy process and an attempt at reimposing the automatic stay after it had been previously lifted. In the case if simultaneous filings, this is especially likely since a debtor in most instances has an absolute right of conversion during the pendency of the case, obviating the need for a second filing. The only rationale for not converting an open case and filing a new petition is the creation of a new automatic stay. Consequently, by initiating a new case, the [debtor] effectively frustrated the stay relief....
>
> Id. at 379.

100. The Debtor in this proceeding has without a doubt filed this petition to seek the benefit of a new automatic stay after the court lifted the automatic stay on her prior Chapter 7 and Chapter 13 proceeding.

101. If the Debtor's true intention was to seek re-organization, the Debtor could have easily pursued the prior Chapter 13 proceeding.

102. Instead, the Debtor chose to drag out the prior Chapter 7 proceeding as long as she could. After the Chapter 7 stay had been lifted she tried again to get a further stay by filing a subsequent Chapter 13 proceeding. Once the stay in that proceeding was lifted, she moved to dismiss that proceeding and filed a second Chapter 13 proceeding simply to get a further stay.

103.    As per the cases cited above, the Debtor's actions here not only warrant the dismissal of this proceeding, they also warrant the imposition of sanctions.

104.    Accordingly, the Landlord asks that the court vacate the automatic stay so that the Landlord may continue its prosecution of the non-payment proceeding under index number 50025/09, dismissing this proceeding as it has been filed in bad faith, and awarding appropriate sanctions against the Debtor and Debtor's counsel

105.    A copy of the proposed order for the court with respect to the above motion is attached hereto as Exhibit "X".

106.    No prior request has been made for the foregoing relief in this proceeding. A prior application for the foregoing relief was made in the context of the prior Chapter 13 proceeding as discussed above.

WHEREFORE, Landlord requests that the Court enter an Order:

Pursuant to 11 U.S.C. Section 362, vacating,
1)  terminating and annulling the automatic stay for cause,
    thereby permitting landlord to recover possession of the subject rental apartment;

2)  Pursuant to 11 U.S.C. Section 362(e), consolidating the preliminary and final hearing;

3)  Pursuant to 11 U.S.C. Section 363(e), directing debtor and/or the trustee to pay immediately to landlord all post-petition use and occupancy charges which have accrued since June 2, 2009, and to pay landlord use and occupancy on a monthly basis on the first day of each month, pending a final determination of the relief requested herein;

4)  Dismissing the proceeding pursuant to Section 1307 of the Bankruptcy Code due to the Debtor's filing of the instant proceeding in bad faith and so as to cause a delay that is prejudicial to the Landlord;

5)  Issuing sanctions against the Debtor and Debtor's counsel for their filing of the instant proceeding in bad faith;

6)  Awarding landlord its reasonable attorneys' fees together with the costs and disbursements of this motion; and

7)  Granting landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated:  New York, New York
        January 7, 2010

                        Yours, etc.,

                        SPERBER, DENENBERG & KAHAN, P.C.
                        Attorneys for Movant/Landlord

                        By:_____
                            JAMES C. MANTIA, ESQ
                            JCM-9482
                            48 West 37th Street
                            16th Floor
                            New York, New York 10018
                            (917) 351-1335

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

                                                    Case No. 10-10050 (MG)

In Re:

                                                    Chapter 13

        SAUNDRA PLUMERI,

                                                      **AFFIDAVIT**

                        Debtor.

----------------------------------------------------------------X

STATE OF NEW YORK    )
                       )ss.:
COUNTY OF NEW YORK  )

        ***PIET QUACKENBUSH,*** being duly sworn, hereby deposes and says as follows:

        1.     I am an agent for ***64th STREET- THIRD AVENUE ASSOCIATES, LLC,*** (hereafter "Landlord") who is the landlord of the building in which Debtor is a tenant and, as such, I am fully familiar with the facts set forth herein.

        2.     I am submitting this affidavit in support of Landlord's application to vacate the automatic stay issued upon the Debtor filing this new Chapter 13 Bankruptcy Petition, for dismissal of this proceeding and for sanctions against the Debtor and Debtor's counsel for filing of the foregoing Petition.

## BACKGROUND FACTS

        3.     Debtor is the tenant of apartment 9-C of the building (hereafter "subject premises"), a Rent Stabilized Apartment, pursuant to an original lease (the "Lease") between Landlord and Debtor for a term which commenced on October 1, 1988 and ended on September 30, 1990.  A copy of the lease is annexed hereto as Exhibit "A".

        4.     The Debtor's lease was subsequently renewed by operation of law and the last renewal lease that was given to the Debtor commenced on May 1, 2008 and expired on April 30, 2009.  A copy of the most recent renewal lease is annexed hereto as Exhibit "B".

        5.     The Debtor continues to reside in the subject premises not withstanding the expiration of the above leases due to the fact that she is a statutory tenant.

6. The Landlord has had a protracted history of litigation with the Debtor and her husband due to the Debtor's repeated and unjustified failure to pay rent.

7. The Landlord has commenced non-payment proceedings in the Civil Court of the City of New York, New York including but not limited proceedings under index numbers 63333/97, 82228/97, 94088/97, 84674/98, 52822/99, 80320/99; 77356/03, and 61107/03.

8. The above mentioned proceedings were protracted litigations which ultimately terminated after many months had passed by the Debtor paying the outstanding arrears sued for.

9. The Landlord also commenced a holdover proceeding against the Debtor, at the conclusion of the aforementioned non-payment proceedings, in the Civil Court of the City of New York, County of New York under Index 51532/04 based upon the Debtor's breach of a substantial obligation of her tenancy for her chronic late and non-payment of rent.

10. After resolution of the holdover the Landlord was forced to once again commence a non-payment proceeding against the Debtor under Index number 85327/07.

11. The Landlord under index number 85327/07 made a motion for summary judgment returnable on October 1, 2007 seeking a judgment for all outstanding arrears sought in the Landlord's Petition.

12. After argument of the Landlord's motion, the court awarded summary judgment to the landlord and entered a judgment in the amount of $19,250.00 through October 2007. A copy of the court's decision is annexed hereto as Exhibit "C".

13. The debtor thereafter moved to vacate the judgment and the Landlord cross-moved for its attorney's fees on the case. After hearing argument of the motions, the court denied the Debtor's motion and granted the Landlord's motion to the extent of setting the matter down for an attorney's fees hearing. A copy of the court's decision is annexed hereto as Exhibit "D"

14. Thereafter a hearing was conducted on March 20, 2008 and April 14, 2008 to determine the legal fees entitled to the Landlord. The court granted the landlord an additional money judgment in the amount of $7,314.00 for its legal fees associated with the action. A copy of the court's decision is annexed hereto as Exhibit "E".

15. Immediately after satisfying the judgment through October 2007 under index number 85327/07, the Debtor once again stopped paying her rent as of November 2007.

16. The Landlord commenced yet another non-payment proceeding against the Debtor and her husband under index number 52746/08. A copy of the Landlord's Notice of Petition and Petition is annexed hereto as Exhibit "F"

17. The Debtor appeared by counsel in the action under index number 52746/08 and interposed an answer. A copy of Debtor's answer is annexed hereto as Exhibit "G".

18.     The court should note that the Debtor's answer is nearly identical to the answers submitted in prior proceedings and a subsequent non-payment proceeding commenced under index number 50025/09. Copies of the answers in these proceedings are annexed hereto as Exhibit "H".

19.     The Landlord in the action under index number 52746/08 again moved for summary judgment on its claims for rent against the Debtor.

20.     The court after reviewing the Landlord's motion, granted the motion to the extent of striking a majority of the Debtor's defenses and objections to points of law and set the proceeding down for trial on April 29, 2008. A copy of the court's decision is annexed hereto as Exhibit "I".

21.     On the day preceding the scheduled trial, the Debtor filed a Chapter 7 bankruptcy petition under case number 08-11546-JMP in the United States Bankruptcy Court, Southern District of New York. A copy of the Debtor's Chapter 7 petition is annexed hereto as Exhibit "J"

22.     The Landlord discontinued the non-payment proceeding as to the Debtor only under index number 53746/08 but proceeded as to Debtor's husband who did not seek protection from this court.

23.     The trial was conducted, a judgment was entered in favor of the landlord as to Debtor's husband, and thereafter the City Marshal performed a legal eviction of Debtor's husband, divesting him of any tenancy rights for the subject premises.

24.     While the non-payment under index number 53746/08 was being prosecuted, the Landlord in the context of Debtor's Chapter 7 proceeding made a motion returnable on July 15, 2008 seeking relief from the automatic stay based on the Debtor's lack of adequate protection of the Landlord's interests.

25.     The court after several hearing dates and telephone conferences, ultimately issued an order with respect to the landlord's motion on October 30, 2008. A copy of the court's order is annexed hereto as Exhibit "K"

26.     While the Landlord's motion was pending before the court, the court issued a discharge to the Debtor, which was factored into the court's consideration. A copy of the notice of discharge dated August 22, 2008 is annexed hereto as Exhibit "L"

27.     The court in its October 30, 2008 order determined that the Debtor had not adequately protected the Landlord's interest and that the automatic stay on the Chapter 7 case would be lifted either upon submission of a stipulation or the ratification of the facts showing Debtor's failure to pay post-petition rent at an evidentiary hearing on November 11, 2008.

28.     The court conducted an evidentiary hearing on November 11, 2008 in which the Landlord presented its witnesses to confirm the facts from the October 30, 2008 order and the Debtor and Debtor's attorney failed to appear.

29.     At the conclusion of the hearing, the court issued an order dated December 2, 2008 vacating the automatic stay as to the Landlord.   A copy of the court's order is annexed hereto as Exhibit "M"

30.     The Landlord thereafter re-commenced a non-payment proceeding under index number 50025/09 against the Debtor for her continuing failure to pay rent.   A copy of the Notice of Petition and Petition are annexed hereto as Exhibit "N"

31.     It appears that the Debtor in an effort to further the delay the Landlord's efforts to collect the rent wrote a letter to Judge Peck who presided over the Chapter 7 case in the hopes that he could forestall the Landlord's new rent demand.  Copies of the correspondence between Judge Peck and the Debtor are annexed hereto as Exhibit "O"

32.     The Debtor appears to have also filed a notice of appeal as a way of forestalling the Landlord's effort's to collect to the outstanding rent, but this too was dismissed by the United States District Court, Southern District of New York. According to the electronic filing system of this court, the Debtor's Chapter 7 case terminated on June 3, 2009.  Copies of the Notice of Appeal and the Court's dismissal is annexed hereto as Exhibit "P"

33.     Upon information and belief no action had been taken by the Debtor to perfect the appeal.

34.     The Landlord in the non-payment under index number 50025/09, moved for summary judgment and to strike the Debtor's defenses based on the answer that was served by Debtor's counsel. (Exhibit "G").

35.     The court took the papers on submission after the Debtor's counsel failed to appear on March 23, 2009 hearing date for oral argument.

36.     The court upon review of the papers granted the motion in part and set the matter down for a traverse hearing and trial on April 20, 2009.   A copy of the court's decision is annexed hereto as Exhibit "Q"

37.     The case was adjourned from April 20, 2009 to May 13, 2009 when the court and the Landlord's counsel received an affirmation of actual engagement submitted by Debtor's attorney.

38.     On the May 13, 2009, the Landlord was ready to proceed for traverse and trial. However, because allegedly the Debtor's husband was taken to the hospital from the court house, the court adjourned the proceeding to June 8, 2009.  It is Ironic that Debtor did not appear for the hearing only Debtor's husband appeared who had already been evicted from the subject premises.

39.     On the eve of trial, the Debtor filed her second bankruptcy petition seeking Chapter 13 protection on June 5, 2009 after already receiving a discharge under Chapter 7.    A copy of the Debtor's prior Chapter 13 Petition is annexed hereto as Exhibit "R"

40.    The pending non-payment proceeding was marked off calendar so that the Landlord could make the appropriate application to the bankruptcy court to lift the stay as well as to seek any appropriate additional relief.

41.    The Landlord then made a similar application as is that in the foregoing motion; to vacate the automatic stay, to dismiss the bankruptcy proceeding and to award sanctions, costs, and attorney's fees against the Debtor and Debtor's counsel for its bad faith filing of the Chapter 13 petition which was returnable on July 10, 2009.

42.    After a hearing was conducted on July 10, 2009, the court entered an order which granted the Debtor's motion in part and denied the motion in part. A copy of the court's order is annexed hereto as Exhibit "S".

43.    The court, although giving the benefit of the doubt to the Debtor to some extent, made the following ruling (Exhibit "S"):

> **"While a very close question, the current record does not establish that the Debtor filed this chapter 13 case in bad faith. Courts generally apply a totality of the circumstances test in determining whether a chapter 13 case was filed in good faith. See In re Lilley, 91 F.3d 491, 496 (3rd Cir. 1996). Without a time-consuming evidentiary hearing, it is not possible for the Court to conclude at this time that good faith was lacking when this case was filed only two days after her prior chapter 7 case was closed. But the record clearly establishes, and the Court expressly finds, that the Landlord lacks adequate protection pursuant to 11 USC 362 (d)(1). The Debtor's has succeeded at keeping her landlord at bay too long without paying rent. If Debtor has some other legitimate purpose for maintaining this chapter 13 case, the Court will permit her to do so. As an unsecured creditor, the Landlord will have to file a claim for rental arrears and share in any recovery to unsecured creditors if the Debtor is able to confirm a chapter 13 plan. The Court also concludes on the current record that there is an insufficient basis at this time to award attorney's fees or sanctions."**

44.    Accordingly, the court granted the Landlord's motion to vacate the automatic stay based on Debtor's failure to provide adequate protection to the Landlord but declined to award sanctions and attorney's fees as the court felt that there were still questions as to whether the Debtor's filing was done in bad faith.

45.    After the July 10, 2009 order from this court, it appears that despite the court's challenge to the Debtor to maintain the prior Chapter 13 proceeding for some other legitimate purpose, the Debtor did not do so.

46.    In fact the only action taken by the Debtor subsequent to the July 10, 2009 order was for the Debtor to make an application to the court on October 15, 2009 to dismiss the proceeding at the confirmation hearing. A copy of the court's order of October 15, 2009 is annexed hereto as Exhibit "T".

47.    After the Landlord received the July 10, 2009 order from the court to vacate the bankruptcy stay, the Landlord made an application to restore the non-payment proceeding and again asked the housing court to award summary judgment.

48.     On the return date of the motion of July 31, 2009, the Debtor by her counsel Jay Stuart Dankberg, failed to appear on the landlord's motion. The Debtor further failed to submit any opposition to the motion. The court took the Landlord's motion on submission.

49.     On September 18, 2009, the court in the non-payment proceeding entered an order which denied the landlord's motion and set the non-payment down again for traverse and trial on September 29, 2009. A copy of the September 18, 2009 order is annexed hereto as Exhibit "U".

50.     On September 29, 2009 court date the Debtor and her counsel once again failed to appear for the scheduled trial. Accordingly, the housing court entered a default judgment against the Debtor and eventually issued a warrant of eviction on December 10, 2009.

51.     The Landlord thereafter served a marshal's notice upon the Debtor based on this default judgment and her apparent default.

52.     The Debtor's counsel in the non-payment proceeding, Jay Stuart Dankberg, made an application to the court seeking to vacate the default judgment and to stay the eviction Mr. Dankberg represented to the court that there was already in existence a stay from the prior Chapter 13 proceeding.

53.     After oral argument of the motion on December 22, 2009, Hon. Michelle Schreiber, issued an order which denied Mr. Dankberg's application to vacate the default base upon his failure to take any reasonable action since the Landlord's summary judgment motion nor to present any reasonable excuse or meritorious defense to the default judgment. The court's decision noted that the stay from the prior Chapter 13 proceeding had already been vacated by this court. A copy of the December 22, 2009 order is annexed hereto as Exhibit "V".

54.     Accordingly, the Landlord rescheduled the eviction for January 7, 2010.

55.     Upon information and belief, on or about January 5, 2010 the Debtor attempted by order to show cause to seek a further stay from the Housing Court for the Debtor's eviction. However, the housing court judge declined to sign the order to show cause presented by Mr. Dankberg.

56.     Once again on the eve of being evicted, the Debtor has filed the instant petition in bankruptcy court seeking Chapter 13 protection in her third bankruptcy Petition in a year and a half. A copy of the present Chapter 13 petition is annexed hereto as Exhibit "W"

57.     As stated in the annexed business records of the Landlord (Exhibit "Y"), the Debtor presently owes $66,361.00 through January 2010. Of this balance, the Debtor accrued $58,053.24 in rent since her initial filing of her Chapter 7 petition (May 2008-January 2010, 21 months @ $2764.44/month)

58.     Due to the long history of the Landlord's litigation with the Debtor, the Debtor's persistent chronic non-payment of rent since 1997, the fact that the Debtor has not paid any rent to the landlord since October 2007, the Debtor's failure to thus far make regular monthly payments to

Landlord, the significant amount of rental arrears due, the lack of Debtor's ability to pay same or show any change of financial circumstances since the Debtor's prior bankruptcy filing the Debtor has not adequately protected the landlord's interests in the property.

59.    Furthermore, the Debtor's apartment is not necessary to effectuate a re-organization if that is Debtor's true intention.

60.    The Landlord believes that the Debtor has filed this action in bad faith as this above history clearly shows that the Debtor's third bankruptcy action filed within a year and a half was done solely to obtain the automatic stay in order to prevent her eviction.

61.    Accordingly, the Landlord believes that this second Chapter 13 proceeding bankruptcy should be dismissed and the court should assess sanctions against the Debtor and both of Debtor's counsel.

62.    The Debtor has listed the landlord as a creditor using the address of her attorney in the housing court matter. This is not a mere oversight but a purposeful deception perpetrated on the court by Debtor and Debtor's counsel.

63.    Here too should all parties be held accountable and appropriate sanction issued against the Debtor and both of her attorneys.

WHEREFORE, the landlord of the Debtor, 64TH STREET-3RD AVENUE ASSOCIATES, LLC respectfully requests that its motion granting relief from the automatic stay, dismissing the proceeding and for sanctions should be granted in its entirety along with all such other and further relief as the court deems as just and proper.

_____

**PIET QUACKENBUSH**

*Sworn to before me this*
_____ *day of* **January 2010**.


_____

**NOTARY PUBLIC**

3

61.     Accordingly, the Landlord believes that this second Chapter 13 proceeding bankruptcy should be dismissed and the court should assess sanctions against the Debtor and both of Debtor's counsel.

62.     The Debtor has listed the landlord as a creditor using the address of her attorney in the housing court matter. This is not a mere oversight but a purposeful deception perpetrated on the court by Debtor and Debtor's counsel.

63.     Here two should all parties be held accountable and appropriate sanction issued against the Debtor and both of her attorneys.

WHEREFORE, the landlord of the Debtor, 64TH STREET-3RD AVENUE ASSOCIATES, LLC respectfully requests that its motion granting relief from the automatic stay, dismissing the proceeding and for sanctions should be granted in its entirety along with all such other and further relief as the court deems as just and proper.

PIET QUACKENBUSH

Sworn to before me this
_8th_ day of **January 2010**.

NOTARY PUBLIC

ALICIA D. PEREZ
Notary Public, State of New York
No. 01PE5056472
Qualified in Westchester County
Commission Expires March 4, 2010

3