UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In Re:

SAUNDRA PLUMERI,

         Debtor.

-------------------------------------------------------X

Chapter - 13

Case No. 09-13632 (MG)

**SUPPLEMENT AFFIRMATION IN FURTHER SUPPORT OF LANDLORD'S MOTION TO VACATE STAY, FOR DISMISSAL, ATTORNEYS' FEES AND APPROPRIATE SANCTIONS**

    JAMES C. MANTIA, an attorney duly admitted to the practice of law before the Courts of the State of New York and the United States District Court in the Southern District of New York, hereby affirms the following to be true:

    1.    I am associated with the law firm of SPERBER, DENENBERG & KAHAN, P.C., attorneys for the Landlord-Creditor, 64th STREET-3RD AVENUE ASSOCIATES, LLC ("Landlord") herein, and I am fully familiar with the facts and circumstances hereinafter set forth.

    2.    This affirmation is submitted in further support of the Landlord's motion seeking to vacate the automatic stay as to the above Debtor pursuant to 11 U.S.C. Section 362, for dismissal of this proceeding due to the Debtor's bad faith filing of the foregoing proceeding, an award of attorneys fees pursuant to 28 U.S.C. 1927, and for appropriate costs and sanctions. For the reasons set forth herein, the Landlord's application should be granted.

**IN FURTHER SUPPORT FOR THE VACATUR OF THE AUTOMATIC STAY**

    3.    As noted in the Landlord's motion in chief, the Debtor prior to the commencement of this Chapter 13 proceeding had existing judgments of possession

entered against her in the underlying housing court proceeding under index number 50025/2009. A copy of the default judgments entered against the Debtor are annexed hereto as Exhibit "A"

4.  The court entered in the housing court proceeding, two default judgments of possession on September 29, 2009, one in the amount of $41,206.08 and one in the amount of $8,307.76.

5.  Although the Debtor claims that she disputes the default judgments entered against her, the judgments still stand as the housing court was unwilling to vacate the existing judgments on December 22, 2009. Moreover, as indicated in the Landlord's motion and chief, the court declined to entertain the Debtor's application for a stay of the eviction or to entertain an application on the judgments (See Exhibit "B").

6.  According to 11 U.S.C 362 (c) 22, the Debtor is required certify on her bankruptcy Petition these existing judgments, and then deposit her first month's post-petition rent with the court, and in order to be granted an automatic stay so as to allow her to satisfy the outstanding judgment within 30 days of filing of her petition.

7.  The Debtor after her submission of her second amended Petition on January 15, 2010 (four days subsequent to the filing of the Landlord's motion), finally filled out the area on the Petition with respect to theses existing judgments, and deposited what she believed to be a months rent with the court.

8.  Regardless, of whether the 30 day period under 11 USC 362 (l)(1) or (l)(2) is calculated from the filing of the initial Petition by the Debtor on January 6, 2010 or the filing of the second amended Petition on January 15, 2010, the third day period in which to cure the underlying judgments will have lapsed as of the next hearing date for the within matter on February 16, 2010.

9.  The Landlord has not received any payments towards the within

judgments as indicated in the Landlord's motion in chief and does not believe that the Debtor has the ability to satisfy the arrears.

10. Moreover, the Landlord would also like to just once again emphasize that this court in the prior Chapter 13 proceeding and Judge Peck in the prior Chapter 7 proceeding already found that the Debtor had not adequately protected the Landlord's interests. See motion and chief Exhibit "M" and Exhibit "S".

11. Furthermore, the amount of the accumulated arrears, the myriad of proceedings that the Landlord has been involved with the Debtor, the debtor's documented history of delay and default, and the Debtor's lack of the ability to satisfy the underlying judgments, is sufficient grounds for granting the Landlord relief from the automatic stay pursuant to 11 U.S.C. 362

## IN FURTHER SUPPORT OF DISMISSAL OF THE CHAPTER 13 PROCEEDING

12. The landlord has asked to dismiss the proceeding on the grounds that the action was commenced in bad faith, vexatiously, wantonly, or for oppressive reasons.

13. The hallmark of bad faith is the attempt to abuse the judicial process. In re Asbridge 61 B.R. 97, 102 (Bankr.D.N.Dak. 1986)

14. The bad faith inquiry focuses on the debtor's "honesty of intention," and requires the bankruptcy court to determine whether the debtor misrepresented facts in its submissions, unfairly manipulated the Bankruptcy Code, or otherwise proposed a plan in an inequitable manner. In re Johnson, 708 F.2d 865, 868 (2d Cir.1983)

15. Bad faith exists where the debtor lacks any realistic possibility of reorganization, and files the petition for the sole purpose of frustrating and delaying its secured creditor's efforts to enforce its legitimate rights. In re Beswick, 98 B.R. 900, 903 (Bankr.N.D.Ill.1989); In re Asbridge, 61 B.R. at 102; cf. In re Cohoes Indus. Terminal, Inc., 931 F.2d 222, 227 (2d Cir.1991)

16. <u>In re Dino's, Inc.</u>, 183 B.R. 779, 783 (S.D.Ohio 1995) the court held that bad faith can be assessed objectively by inquiring "whether a reasonable person in the petitioning creditor's position would have filed the bankruptcy petition"

17. In this proceeding the Debtor has engaged in the following conduct which can only be deemed done in bad faith.

18. First and foremost, the Debtor has commenced a second Chapter 13 bankruptcy proceeding after the dismissal of a very recent Chapter 13 proceeding.

19. Serial filings are a "badge" of bad faith. <u>In re Eatman,</u> 182 B.R. 386, 392 (Bankr.S.D.N.Y.1995)

20. Although the simple fact that the Debtor has filed a subsequent Chapter 13 proceeding is not a per se violation of the bad faith rule, it is the Debtor's burden to establish unforeseen and changed circumstances justify the subsequent filing and likelihood of completion of the Chapter 13 plan. See <u>In re Metz</u>, 820 F.2d 1495, 1498 (9th Cir.1987) (successive chapter 13 petitions require *bona fide* change in circumstances); <u>In re McKissie,</u> 103 B.R. 189, 192 (Bankr.N.D.Ill.1989) (to justify second chapter 13 petition, debtor must show *bona fide* objective change in circumstances since the filing and dismissal of the first chapter 13 case).

21. The Debtor here has not shown any change of circumstances since the prior dismissal of her previously Chapter 13 proceeding. The record cited in the Landlord's motion in chief clearly shows that the Debtor abandoned the prior Chapter 13 proceeding once the automatic stay had been vacated and then sought dismissal of that proceeding when there was no realistic change of fulfilling a Chapter 13 plan.

22. The second basis for seeking the dismissal based on bad faith is the Debtor's obvious and intentional misstatements in the petitions which were filed by the court.

23. Fed. R. Bankr.P 9011 imposes liability on the Debtor and Debtor's counsel for any misstatements that he knows or after a reasonable inquiry should know are contained in any of the submission to this court. The Second Circuit in In re Bayshore Wire Products Corp., 209 F.3d 100, (C.A.2. N.Y. 2000), held that violation of Rule 9011 necessitates a finding of bad faith which could result in dismissal and/or sanctions for a Debtor or his attorney.

24. As stated previously in the Landlord's motion in chief there are two material misstatements contained in the Petition which are clearly known by the Debtor are not mere oversights.

25. The first misstatement is the improper listing of the sole creditor contained in this Chapter 13 proceeding, the Landlord. The Debtor's Chapter 13 petition lists the Landlord c/o of Jay Stuart Dankberg, 1220 Broadway, New York, New York.

26. The contact information for the sole creditor is the Debtor's counsel in the underlying non-payment proceeding. The Debtor clearly was trying mislead the court and/or prevent effective notice to the Landlord of this third bankruptcy proceeding by the Debtor.

27. The other material misstatement is the Debtor's failure to advise the court upon filing the petition that a judgment of possession had been entered against her by her landlord.

28. This court has addressed this very situation in the case of In re James Green, 2010 WL 346090 (Bkrtcy, S.D.N.Y.). In fact there are quite a few similarities with the conduct of the Debtor in Green with the Debtor in this proceeding.

29. Both the Debtor in Green, supra. and the Debtor here filed a second Chapter 13 proceeding after dismissal of a prior Chapter 13 proceeding. Both of the Chapter 13 proceedings were both dismissed on Debtor's failure to confirm a plan and

make payments.

30. Both the Debtor in <u>Green</u>, <u>supra.</u> and the Debtor here both had subsequent proceedings in Housing Court after the dismissal of the first Chapter 13 proceeding. Both Debtors reached the point in their respective housing court proceedings, where they were on the very of eviction and the housing court was unwilling to permit any further extensions of the evictions.

31. Both Debtors filed subsequent Chapter 13 proceedings at this point in the litigation of the Housing court proceedings and both Debtors when filing their second Chapter 13 proceedings did not disclose that the Landlord had obtained a judgment of possession, as required by 11 U.S.C. 362 (l)(5)(A).

32. The Landlord in <u>Green supra.</u>, and the Landlord here unnecessarily had to file a motion seeking relief from the automatic stay and for dismissal due to the respective Debtor's counsels omissions of the required certification in the Petitions.

33. Effectively, the Debtor's counsel by failing to file the required certification prevented the Landlord here from receiving from the Clerk of the Court that the Debtor had failed to comply with 11 U.S.C. 362 (l)(1) and (l)(2) and thus delaying the eviction and causing the Landlord to make the foregoing motion.

34. The court found in <u>Green</u>, <u>supra.</u>, as well as it should find here that there was no colorable reason to omit disclosure of the judgment of possession and that in doing so the Debtor's counsel had acted in bad faith and solely for the purposes of delaying the eviction.

35. It is clearly from Exhibit "B" the last ditched attempt by the Debtor in housing court, to prevent the eviction that there was a default judgment. Further the order of Hon. Michelle Schreiber also makes it clear that the Debtor was aware of this default judgment (Exhibit "V" to Landlord's motion in chief)

36. This also leads into the Landlord's third basis for seeking dismissal of the action based on bad faith. The Landlord feels that the record clearly presents that the Debtor brought this Chapter 13 without any hopes of confirming a plan, solely as a delay tactic, and so as to prevent the eviction of the Debtor.

37. With respect to this argument the Landlord respectful refers to the record presented to this court in the motion in chief and in subsequent filings. Without, the need for repetition, the Landlord will just highlight a few key points.

38. The timing for the commencement of the Debtor's bankruptcy proceedings clearly indicates bad faith in the filing of this proceeding.

39. The Debtor filed her initial Chapter 7 proceeding within a few days of the final trial date of the prior non-payment proceeding. The Debtor filed her first Chapter 13 proceeding within a few days of the final trial date of the existing non-payment proceeding. The Debtor filed her second Chapter 13 proceeding on the day preceding her eviction, when the Housing Court would no longer grant or hear applications to prevent eviction, and when the prior Chapter 13 proceeding had already been dismissed and the automatic stay vacated.

40. The other factor clearly indicated in the record is that the Debtor only prosecuted the prior bankruptcy proceedings when the court kept in place the automatic stay. Once the automatic stay had been vacated in the two prior bankruptcy proceedings, the Debtor relied on her attorney to take what ever means necessary to delay the action. Now, after exhausting all her remedies in the Housing Court, has then turned this court to try to reinstate the automatic stay and to prevent her eviction.

41. Accordingly, the Landlord believes that based on the above stated conduct that the Debtor has acted in bad faith and as a result the court should dismiss this Chapter 13 proceeding.

## THE AWARDING OF SANCTIONS AND ATTORNEY'S FEES IS APPRORIATE HERE

42. As this court has already clearly set forth in its holding in Green, supra., the bankruptcy court has the power to sanction a party when it is clear that the actions were taken in bad faith.

43. The court has the power to award sanctions both under the inherent powers of the court under 11 USC 303 (i) and also under 28 U.S.C.1927.

44. 11 USC 303 (i) states:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment-
>
> (1) against the petitioners and in favor of the debtor for-
>
> (A) costs; or
>
> (B) a reasonable attorney's fee; or
>
> (2) against any petitioner that filed the petition in bad faith, for-
>
> (A) any damages proximately caused by such filing; or
>
> (B) punitive damages.

45. 28 U.S.C.§ 1927. states:

**Counsel's liability for excessive costs**

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

46. The powers of the court under 11 U.S.C. 303 and 28 U.S.C. 1927 also include the power to award attorneys fees to be paid by not only the Debtor but by Debtor's counsel to satisfy personally the excess costs, expenses and attorneys fees incurred by such conduct. See also Chambers v. NASCO, Inc. 501 U.S. 32 at 45-46.

47. The record here clearly illustrates the Debtors institution of multiple proceedings with no clear purpose but to simply delay the Landlord's efforts to collect the rent and to seek to evict the Debtor from the apartment.

48. As the court noted in Green, supra. when citing In re Spectee Group, 185 B.R. 146, 160 (Bankr.S.D.N.Y 1995), that the fees directly cause by the sanctionable conduct should be awarded yet the amount awarded for sanctions is to the sound discretion of the court.

49. In this instance, the Landlord has items its billing with respect to the various proceedings and has attached hereto its contemporaneous billing records with respect to these proceedings.

50. Attached hereto as Exhibit "C" is the Landlord's records of attorneys fees incurred thus far in its efforts to vacate the automatic stay and dismissal of the within Chapter 13 proceeding under docket number 10-10050 (MG). To date there has been $4750.00 in fees incurred to date.

51. The Landlord believes that without question that the Debtor and Debtor's counsels, are equally culpable for the fees generated to try to vacate the stay and allow the Landlord to proceed with its eviction proceedings. The Landlord would like to re-emphasize that the application for sanction is as to both Mr. Lamborn and Mr. Dankberg. It is quite evident that the true mastermind of the overall strategy and dilatory tactics is Mr. Dankberg who has been appropriately put on notice of this application against him.

52. Attached hereto as Exhibit "D" is the Landlord's records of attorneys fees incurred in the context of the state court proceeding under index number 50025/09. The fees with respect to that proceeding are presently $8,382.00.

53. Although, the court declined to award these fees as sanctions in the Green case, the Landlord believes that the award would in fact be appropriate here. The fact that the Debtor, filed her initial Chapter 7 proceeding as a delay tactic and a way to prevent her eviction, forced the Landlord to commence a second and separate

non-payment proceeding from that of her husband.

54. The multiple proceeding commenced by the Debtor, has forced the Landlord to accomplish in two proceedings what could have been accomplished in one proceeding, to compel the Debtor to pay her rent or be subject to eviction.

55. Attached hereto as Exhibit "E" is the Landlord's records of attorney's fees incurred in the context of the prior Chapter 13 proceeding commenced under docket number 09-13632 (MG). The fees incurred in this proceeding were $5250.00

56. The fact of the matter is the debtor's second Chapter 13 proceeding despite the invitation of the court to use the proceeding for a legitimate purpose, was simply a ploy to get an automatic stay and was simply abandoned when the stay was vacated. In light of the applicably for sanction with respect to conduct directly caused by the Debtor in bad faith, the Landlord believes that the awarding of these fees to be equally appropriately.

57. Additionally, the Landlord has incurred $9,910.00 in legal fees (Exhibit "F") in the litigation of the Landlord's efforts to vacate the automatic stay in the Debtor's Chapter 7 proceeding under 08-11546 (JMP) and $5540.50 in legal fees (Exhibit "G")in the Debtor's prior non-payment proceeding under index number 52746/08.

58. Given the intertwining the various bankruptcy proceedings, the commonality of the dilatory tactics, and the overall efforts by the Debtor to frustrate the Landlord from collecting its rent or recovering possession of the Debtor's apartment, the Landlord believes that the court should accordingly award these additional legal fees as a further sanction upon the Debtor and Debtor's both counsels.

59. Accordingly, the Landlord asks that the court award the appropriate costs, attorneys fees and sanctions with respect to the Debtor and Debtor's counsels blatantly obvious dilatory tactics.

WHEREFORE, the Landlord respectfully requests that the court grant the foregoing motion in its entirety, along with all such other and further relief that the court deems as just and proper.

Dated:  New York, New York
        February 11, 2010

Yours, etc.,

SPERBER, DENEBERG & KAHAN, P.C.
Attorneys for Movant/Landlord

By:_____
JAMES C. MANTIA, ESQ
JCM-9482
48 West 37th Street
16th Floor
New York, New York 10018
(917) 351-1335