UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In Re:                                                          Chapter – 13
                                                                Case No.  09-13632 (MG)
SAUNDRA PLUMERI,
                                                                REPLY AFFIRMATION IN
         Debtor.                                                FURTHER SUPPORT OF LANDLORD'S
                                                                MOTION FOR ATTORNEYS' FEES AND
                                                                APPROPRIATE SANCTIONS
---------------------------------------------------------------X

JAMES C. MANTIA, an attorney duly admitted to the practice of law before the Courts of the State of New York and the United States District Court in the Southern District of New York, hereby affirms the following to be true:

1.      I am associated with the law firm of SPERBER, DENENBERG & KAHAN, P.C., attorneys for the Landlord-Creditor, 64th STREET-3RD AVENUE ASSOCIATES, LLC ("Landlord") herein, and I am fully familiar with the facts and circumstances hereinafter set forth.

2.      This affirmation is submitted in further support of the Landlord's motion seeking an award of attorney's fees pursuant to 28 U.S.C. 1927, and for appropriate costs and sanctions. For the reasons set forth herein, the Landlord's application should be granted.

3.      For starters the Debtor's characterization of the Landlord's withdrawal of the dismissal aspect of the motion before the court, because the Landlord could not make out a case for a bad-faith filing, is inaccurate.

4.      The Landlord still believes that the record is abundantly clear and shows that the Debtor's sole intention in filing this third bankruptcy proceeding was to delay the Debtor's eminent eviction from the subject apartment and to further stymie the collection

of rent by the Landlord. Debtor's counsel's affirmation in paragraphs eleven (11) through (16) seems to acknowledge this intent.

5. Additionally, the Landlord has agreed to withdraw the dismissal aspect of the motion with the fleeting hope that the Debtor may actually have to pursue this proceeding through to confirmation of a plan and have a chance of recouping some of if not all of the astronomical rent arrears that were accumulated by the Debtor. If the Debtor does not successfully confirm a plan, the matter will ultimately be dismissed anyway.

6. In opposition to the Landlord's request for sanctions and attorney's fees the Debtor's counsel alleges that he should not be he held liable because the Debtor was never served with a notice of entry for the judgment.

7. The fact that a notice of entry for the judgment was not served is simply a red herring. As the underlying record shows the Debtor's counsel's, both housing and bankruptcy, were aware that there was a judgment entered against the Debtor.

8. Affirmative steps were taken by the Debtor's counsels to try to dispute and vacate this judgment in the housing court, without success.

9. Moreover, upon my review of the court file in the housing court proceeding in preparation of my supplemental affirmation, I discovered a slip submitted to the clerk of the court which indicated that Debtor's bankruptcy counsel, did in fact review the housing court file prior to the filing of a petition in this proceeding.

10. Certainly, if the Landlord's counsel could locate the judgment in the file, Debtor's bankruptcy counsel should have been able to do so.

11. The fact of the matter is that nothing contained in the Debtor's counsel's affirmation excuses his failure to certify the underlying default judgment nor does he distinguish this case from the <u>Green</u> case cited previously in the Landlord's motion

papers.

12.   Lastly, the Landlord stands on its arguments previously made with respect to the awarding of attorney's fees against both Debtor's housing and bankruptcy counsel with respect to all cases litigated with the debtor.

13.   To clear up any confusion with respect to the last statement of the time I spent on February 11, 2010, and so as to itemize the 6.5 hours in the bill, I spent the following time:

9:00 am- 11:00 am   Appearance for the argument of Landlord's lift stay motion SDNY ($600 @ $300/hr)

11:00 am- 11:45 am   Appearance in the housing court to obtain copies of default judgment ($225 @ $300/hr)

1:15 pm- 2:30pm   Legal research in preparation of supplemental affirmation ($375 @ $300/hr)

2:30 pm-4:30pm   Preparation of supplemental affirmation, service and electronic filing ($600 @ $300/hr)

14.   Furthermore, the supplemental affirmation of the landlord was more than just a simple affirmation as the Debtor's counsel claims, as it contained a significant amount of relevant case law and appropriate analysis.

15.   The remaining bills are sufficiently itemized and reflect the actual time that I spent in preparing and appearing for the various items. These bills are the actual bills received by the Landlord and are reasonable in a proceeding of this sort.

16.   Lastly, the fact that the Debtor misrepresented the landlord's information was particularly spelled out as required by the Federal rules of civil procedure and applicable case law.

WHEREFORE, the Landlord respectfully requests that the court grant the foregoing motion in its entirety, along with all such other and further relief that the court deems as just and proper.

Dated: New York, New York
March 11, 2010

Yours, etc.,

SPERBER, DENEBERG & KAHAN, P.C.
Attorneys for Movant/Landlord

By: _____
JAMES C. MANTIA, ESQ
JCM-9482
48 West 37th Street
16th Floor
New York, New York 10018
(917) 351-1335

Index No. 10-10050-MG    Year 20

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

SAUNDRA PLUMERI

Debtor.

REPLY

Sperber Denenberg & Kahan, P.C.
*Attorneys for*

48 West 37th Street
16th Floor
New York, New York 10018
(917) 351-1335

To:

Attorney(s) for 64ᵀᴴ STREET-THIRD AVENUE ASSOCIATES, LLC- LANDLORD

Service of a copy of the within _____ is hereby admitted.

Dated:

................................................
Attorney(s) for

PLEASE TAKE NOTICE

Check Application Box

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,
at _____, at _____ M.
on _____, 20____

Dated:

*Attorneys for*

Sperber Denenberg & Kahan, P.C.

48 West 37th Street
16th Floor