UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                          :
                                                                :
                                                                :
      SAUNDRA PLUMERI,                           :           Chapter 13
                                                                :           Case No. 10-10050 (MG)
                                                                :
                                  Debtor.           :
-----------------------------------------------------------------x

**ORDER GRANTING LANDLORD'S MOTION FOR SANCTIONS AGAINST DEBTOR'S ATTORNEY RICHARD D. LAMBORN, ESQ. PURSUANT TO THE INHERENT POWER OF THE COURT FOR FAILURE TO COMPLY WITH 11 U.S.C. § 362(*l*)(5)**

Pending before the Court is the motion ("Motion") of 64th Street Third Avenue Associates, LLC, ("Landlord"), the Landlord of Saundra Plumeri ("Debtor"), seeking to impose sanctions against the Debtor's attorney, Richard D. Lamborn, Esq. ("Lamborn"), pursuant to 28 U.S.C. § 1927 and the inherent power of the court, because Lamborn failed to disclose—both in Debtor's chapter 13 bankruptcy petition filed on January 6, 2010 (the "Initial Petition") and in Debtor's first amended bankruptcy petition (the "First Amended Petition") filed on January 11, 2010—the Landlord's prepetition judgment for possession against the Debtor as required by 11 U.S.C. § 362(*l*)(5). A hearing was held on the Motion on March 16, 2010, after the Court gave Lamborn an opportunity to submit an opposition to the Motion and to be heard in argument.

This is Debtor's third bankruptcy case. Each case was filed to stop the Landlord's state court litigation seeking to evict the Debtor from her rental apartment. *See also* Case No. 08-11546 (JMP) (chapter 7), Bankr. S.D.N.Y., filed April 28, 2008, closed June 3, 2009; Case No. 09-13632 (MG) (chapter 13), Bankr. S.D.N.Y., filed June 5, 2009,

1

dismissed October 16, 2009. Debtor has been represented by different counsel in each of her three cases.

On July 9, 2009, during Debtor's prior chapter 13 case, after recounting the history of the Landlord's efforts to regain possession of the apartment, I granted the Landlord's motion to lift the automatic stay. (Case No. 09-13632, ECF # 15.) Finding it to be a very close question, I denied the Landlord's motion to dismiss that case as a bad faith filing and for sanctions.[1]

On January 11, 2010, the Landlord filed its Motion to (i) dismiss the instant case as a bad faith filing; (ii) for relief from the automatic stay to permit it to proceed with Debtor's state court eviction proceeding; and (iii) for sanctions. The Motion sets forth the history of the Debtor's bankruptcy cases and the lengthy history of the Landlord's state court litigation efforts to evict the Debtor. The Motion specifically discloses that the Landlord obtained a prepetition judgment for possession before the Initial Petition in this case was filed.

A little over one hour after the Landlord's motion to lift the automatic stay was filed, Lamborn filed a First Amended Petition for chapter 13 relief. But like the Initial Petition, the First Amended Petition failed to disclose the prepetition judgment of

---

[1] In granting the motion to lift the stay, but denying the motion to dismiss the case as a bad faith filing, the Court stated: "While a very close question, the current record does not establish that the Debtor filed this chapter 13 case in bad faith. Courts generally apply a totality of the circumstances test in determining whether a chapter 13 case was filed in good faith. *See In re Lilley*, 91 F.3d 491, 496 (3rd Cir. 1996). Without a time-consuming evidentiary hearing, it is not possible for the Court to conclude at this time that good faith was lacking when this case was filed only two days after her prior chapter 7 case was closed. But the record clearly establishes, and the Court expressly finds, that the Landlord lacks adequate protection pursuant to 11 U.S.C. § 362(d)(1). The Debtor has succeeded at keeping her Landlord at bay for too long without paying rent. If Debtor has some other legitimate purpose for maintaining this chapter 13 case, the Court will permit her to do so. As an unsecured creditor, the Landlord will have to file a claim for rental arrears and share in any recovery to unsecured creditors if the Debtor is able to confirm a chapter 13 plan. The Court also concludes on the current record that there is an insufficient basis at this time to award attorney's fees or sanctions." Case No. 09-13632, ECF # 15. On October 15, 2009, the Court granted Debtor's application voluntarily to dismiss the case. *Id.* at ECF # 17. The Landlord returned to state court again trying to evict the Debtor. This case was filed on the eve of Debtor's eviction.

2

possession. On January 15, 2010, Lamborn filed a second amended petition (the "Second Amended Petition"). The Second Amended Petition checked the box that "Landlord has a judgment for possession of debtor's residence." The Debtor also deposited with the Clerk the rent that would become due during the 30-day period after filing for bankruptcy.

On February 16, 2010, the Court entered an order confirming that the automatic stay was not in effect due to the Debtor's failure to cure the full amount of its prepetition monetary default, as required by section 362(*l*)(2). (*See* ECF # 29.) The Landlord withdrew its request that the case be dismissed as a bad faith filing.[2] The Court continued the hearing with respect to sanctions against Lamborn, giving the Landlord and Lamborn time to file additional papers. The hearing on sanctions was scheduled for March 16, 2010.

This is the second case before the Court within the last two months where the sanctions issue has arisen as a result of the failure of a debtor's counsel to disclose a prepetition judgment for possession in favor of a landlord. In *In re Green*, 422 B.R. 469 (Bankr. S.D.N.Y. 2010), the Court awarded sanctions against the debtor's attorney for substantially similar conduct. The issue here is whether sanctions should be awarded against Lamborn and, if so, in what amount.

"Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." *Id.* at 473 (internal quotation marks and citations omitted). "Similarly, bankruptcy courts may sanction attorneys who unreasonably and vexatiously

---

[2] The Landlord withdrew the request to have the case dismissed as a bad faith filing in the hope that, if the Debtor is able to confirm a chapter 13 plan, the Landlord will be able to recover some of the prepetition rental arrears owed by the Debtor. The Landlord did not concede that the case was not filed in bad faith.

3

multiply court proceedings pursuant to 28 U.S.C. § 1927." *Id.* at 474 (internal quotation marks and citations omitted); *Lubit v. Chase (In re Chase)*, 372 B.R. 142, 154-55 (Bankr. S.D.N.Y. 2007)). "[C]ourts may [also] sanction attorneys pursuant to 28 U.S.C. § 1927 when an 'attorney's actions are *so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Green*, 422 B.R. at 474 (quoting *Revson v. Cinque & Cinque*, 221 F.3d 71, 79 (2d Cir. 2000) (emphasis in original)). Courts sanctioning attorneys pursuant to section 1927 require a finding of bad faith to invoke sanctions. *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004) ("Section 1927 authorizes the imposition of sanctions only when there is a finding of conduct constituting or akin to bad faith.") (internal quotation marks and citation omitted); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("Imposition of a sanction under § 1927 requires a clear showing of bad faith.") (internal quotation marks and citation omitted).

Sanctions pursuant to the Court's inherent power are appropriate for "actions taken on behalf of a client in the course of litigation, so long as those actions were taken in bad faith." *Green*, 422 B.R. at 474 (citing *Wilder v. GL Bus Lanes*, 258 F.3d 126, 130 (2d Cir. 2001) (observing that sanctions are appropriate under the court's inherent power "where the attorney has acted in bad faith in the actions that led to the lawsuit or in the conduct of the litigation"). In addition, however, sanctions against attorneys pursuant to the court's inherent power are also warranted for negligent or reckless failure to perform attorneys' responsibilities as officers of the court. *United States v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000) (observing that where "charges involve a lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court . . . .

4

sanctions may be justified absent a finding of bad faith given the court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases") (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991)) (internal quotation marks omitted); *see also Wilder*, 258 F.3d at 130 (noting that sanctions are also appropriate "where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court").

Here, just as in *Green*, there was no colorable reason for Lamborn not to disclose the prepetition judgment for possession in the Debtor's bankruptcy petitions. "A claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 472–73 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). Lamborn admitted that he knew that a judgment of possession was entered against his client *prior* to filing the Initial Petition; he acknowledged in his papers that his client informed him of his imminent eviction before Lamborn filed the Initial Petition. (Lamborn Obj. ¶¶ 11–13.) Despite knowing that a judgment of possession was entered against his client prior to his filing the Initial Petition, Lamborn did not disclose this fact either in the Initial Petition or the First Amended Petition, as required by 11 U.S.C. § 362(*l*)(5).

Lamborn maintains that his behavior should be excused, arguing that he did not disclose the prepetition judgment because he did not have a copy of the document at the time of filing the Initial Petition or the First Amended Petition. (*Id.* ¶ 16.) There simply is no legitimate reason to omit this information. Not only is it required by section 362(*l*)(5), but waiting to disclose the information until the Second Amended Petition was

5

filed *after* the Landlord filed its lift-stay motion, unfairly forced the Landlord to move to lift the automatic stay where no stay existed. *See In re Green*, 422 B.R. at 475 ("The effect of a prepetition judgment of possession is to deprive a debtor of the benefit of the automatic stay.") (citing 11 U.S.C. § 362(b)(22)).

Here, unlike the situation in *Green*, Lamborn has posited a weak but plausible explanation, stating that he failed to disclose the prepetition judgment of possession in the Initial Petition because he did not have a physical copy of the judgment when he filed the Initial Petition on January 6, 2010, on what he described as an emergency basis. But even if the failure to disclose the judgment in the Initial Petition was excusable, the failure to disclose it in the First Amended Petition filed on January 11, 2010 was not excusable. Lamborn argued that he tried unsuccessfully to get a copy of the judgment from the Debtor's state court counsel, and Lamborn said he was "too busy" between January 6 and 11, 2010 to go to the state court to search the court file to find the judgment. Charitably giving Lamborn the benefit of the doubt, the Court declines to find that his conduct (or absence of it) was taken in bad faith. Still, the Court concludes that given Lamborn's knowledge before he filed the Initial Petition on January 6, 2010 that there was a state court judgment for possession, and his admitted knowledge that the Bankruptcy Code requires the fact of the prepetition judgment for possession to be disclosed in the bankruptcy petition, it was inexcusable for Lamborn to fail to disclose the prepetition judgment of possession in the First Amended Petition.

Courts may use their inherent power to sanction attorneys when they negligently or recklessly fail to perform their responsibilities as officers of the court. *See Seltzer*, 227 F.3d at 41. On the record here, the Court declines to find that Lamborn's actions were

taken in bad faith.  But, at the very least, Lamborn's actions were reckless and certainly not in accordance with the high standards expected from officers of this Court.  *See Wickens v. Shell Oil Co.*, No. 05-CV-645-SEB-JMS, 2009 WL 1582971, at *7 (S.D. Ind. June 3, 2009) (observing that willful attorney omissions of fact are "inexcusable by an officer of the court").

Therefore, it is appropriate to sanction Lamborn pursuant to the Court's inherent power.  The Court declines to sanction Lamborn under 28 U.S.C. § 1927.  The language of section 1927, requiring unreasonable and vexatious actions of an attorney, has been found to be more consistent with a finding of bad faith, one the Court does not make today.  *Handschu v. Police Dept. of the City of New York*, No. 71 Civ. 2203(CSH), 2010 WL 198399, at *12 (S.D.N.Y. Jan. 19, 2010) (observing that the statutory language of § 1927 includes concepts "consistent with bad faith").

The Court may award attorney's fees as sanctions pursuant to its inherent power.  *Green*, 422 B.R. at 477 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991)).  But only fees that are directly caused by the sanctionable conduct may be awarded.  Even then, the awarding court must make a determination whether the requested fees are reasonable.  *Id.* (citing *In re Spectee Group*, 185 B.R. 146, 160 (Bankr. S.D.N.Y. 1995)).  The Court also has considerable discretion in determining the amount of sanctions to award.  The Landlord requests that sanctions be awarded in the amount of $4,750 for attorney's fees in connection with this motion, and an additional $29,082.50 for attorney's fees in connection with the earlier state court litigation.  The Court has reviewed detailed bills submitted by counsel for the Landlord.  The amount sought in connection with the lift-stay motion is excessive.  The Court determines that the Landlord

7

shall be awarded sanctions in the amount of $2,500.00 for attorney's fees in connection with the lift-stay motion in this case. The Court refuses to award sanctions for any fees incurred while litigating in state court. *In re Green*, 422 B.R. at 477 (citing *United States v. Int'l Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991)) (observing that courts should "use discretion and restraint" when ordering sanctions).

The motion to impose sanctions against Debtor's attorney, Richard D. Lamborn, Esq., under the inherent power of the court is **GRANTED**. The Court orders that Lamborn pay the Landlord $2,500.00 within twenty-one (21) days from the entry of this Order. Lamborn shall file a certification with this Court that he has made the required payment no later than five (5) days after making the payment.

**IT IS SO ORDERED.**

DATED:    March 25, 2010
        New York, New York

                                         /s/Martin Glenn
                                         MARTIN GLENN
                                     United States Bankruptcy Judge